Brennan, J.
Aggrieved by the decision of the trial court, defendant/appellant filed this expedited appeal pursuant to Mass. R. Civ. P., Rule 8A.
The facts necessary for an understanding of this matter are as follows:
BACKGROUND: On or about February 6, 2000 Wendy Miller (hereinafter, plaintiff/appellee) slipped and fell on ice on the front steps of her sister’s apartment building. The residence in question is a three unit building owned by The Pioneer Cooperative of Franklin County (hereinafter, defendant/appellant). Plaintiff’s sister, Judith LaFogg, was a member/shareholder of defendant corporation. The ice had accumulated on the steps as a result of snow melting on the roof and dripping onto the steps and then freezing. There was evidence that the roof above the porch steps was flat with a slight pitch which caused the water to run off onto the steps. There was no gutter above the steps. Additionally, there was evidence that the porch roof did not extend beyond the steps.
The defendant/appellant is a cooperative housing corporation providing housing to persons and families with low and moderate income. After qualifying, a member would be required to pay $500 for his or her share and then he or she would have the right to occupy one of the units. The members had the duty to perform routine maintenance for their own units as well as for the common areas. There was a Board of Directors as well as a Maintenance Committee. Defendant/ appellant is a corporation organized pursuant to G.L.c. 157B. However, the corporation had not sought and did not have exempt status as a charitable corporation under federal or state tax laws nor was it registered as a charity with the Attorney General’s Office.
*85 ISSUES: The issues presented for appeal are as follows:
1. Was the evidence presented sufficient to establish negligence on the part of the defendant?
2. Was defendant entitled to have the judgment limited to $20,000.00 pursuant to G.L.c. 231, §85K?
In this case the court found that the plaintiff slipped and fell on an unnatural accumulation of ice. The key issue in this case is whether the ice on the steps had occurred naturally or unnaturally as a result of some act or omission on the part of the defendant. Property owners are required to maintain their premises in a reasonably safe condition in view of all of the circumstances. Mounsey v. Ellard, 363 Mass. 693 (1973). The trial judge made a finding that
The water was not on the steps because nature put it there. Nature put snow on the roof above. A defect in the roofs design and the absence of gutters put the melted snow on the steps ... the defendant knew or reasonably should have known that the roof was defective and created a hazard to persons using the steps....
The judge further found that “defendant was careless in its duties to maintain a reasonably safe building.” In addition, the judge found that “Ms. LaFogg’s lease does not absolve the defendant from liability for maintaining a defective roof which could quickly create unnatural accumulations of ice on its steps.”
The trial judge had the opportunity to hear the testimony, examine the exhibits and assess the credibility of the witnesses before making his findings. The judge’s findings may not be set aside unless clearly erroneous. G.E B. v. S.R.W., 422 Mass. 158 (1996). It is apparent from the judge’s “Memorandum of Decision and Order” that the plaintiff clearly presented sufficient evidence for a finding in her favor.
The second issue presented for review is whether the trial judge erred in ruling that the defendant is not entitled to limitation of liability provided by G.L.c. 231, §85K.
G.L.c. 231, §85K provides that
It shall not constitute a defense to any cause of action based on tort brought against a corporation, trustees of a trust, or members of an association that said corporation, trust or association is or at the time the cause of action arose was a charity; provided, that if the tort was committed in the course of any activity carried on to accomplish directly the charitable purposes of such corporation, trust or association, liability in any such cause of action shall not exceed the sum of twenty thousand dollars exclusive of interest and costs.
At the conclusion of the trial defendant filed Requests for Findings of Fact and Rulings of Law. The trial judge took no action on defendant’s Requests for Findings of Fact. The judge, in fact, wrote his own “Memorandum of Decision and Order” which specifically states that the “memorandum of decision is not intended to constitute findings of fact pursuant to Mass.R.Civ.P.52(C).” Defendant is seeking review of his Requests for Rulings numbers 8, 9,16 and 19. Requests for Rulings of Law are governed by Mass. R. Civ. P., Rule 64A, which provides that
(A) In General. In District Court proceedings, requests for Rulings of Law shall be in writing and shall be presented to the court before the beginning of any closing arguments unless special leave is given to present requests later. Each request shall be sequentially numbered. ...With the exception of requests addressed to the sufficiency of the evi *86 dence, each request shall also concisely state the relevant principle of law and should be supported by appropriate legal citation.
Further, regarding requests concerning sufficiency of evidence Rule 64A(b)(1) provides that
In District Court proceedings, to obtain a ruling that the evidence is sufficient as a matter of law to permit a general finding in the requesting party’s favor, the requesting party shall file a written request for such ruling substantially in the following language: ‘The evidence does not warrant a finding for and therefore a finding for (opponent party) is required as a matter of law.’ (Requestor)
With the exception of Request for Ruling #19, defendant’s Requests for Rulings of Law do not conform to the requirements of the rule and, as such, pursuant to Mass. R. Civ. P., Rule 64A(c) those requests are deemed denied for purposes of appeal. Request #19 was denied, in conformity with the judge’s ultimate finding for the plaintiff.
By failing to conform to the requirements set forth in Mass. R. Civ. P., Rule 64A defendant has failed to preserve its appellate rights regarding the issue of whether the defendant is entitled to the benefit of the liability cap under G.L.c. 231, §851K
The trial judge made factual findings that the defendant was not entitled to the protection of the charitable cap. Specifically, the judge found that the defendant does not have non profit tax status and that the defendant is not registered as a charity with the Office of the Attorney General. Essentially, the court found that the defendant failed to demonstrate that it had complied witii the corporate formalities necessary to establish charitable status.
For all of the reasons cited above the appeal is dismissed.